# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>William Oliver Smith,<br><br>　　　　Defendant | Case No.: 2:13-cr-00252-JAD-PAL<br><br>**Order Granting Motion to Correct Sentence**<br><br>[ECF Nos. 72, 76] |

　　　　Defendant William Oliver Smith filed a pro se motion to modify his sentence, after which his counsel filed a supplemental motion, asking for Smith's compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1]  Smith's request is unique in that he doesn't seek to be released from federal custody altogether, but instead wants his sentence reduced to facilitate his potential redesignation from a high-security United States Penitentiary (USP) to a medium-security Federal Correctional Institute (FCI) for the remainder of his federal sentence.  The government doesn't oppose the essence of Smith's request but suggests that 28 U.S.C. § 2255 is the right vehicle through which to grant him the relief he seeks.  Construing Smith's motion as one to correct his sentence under 28 U.S.C. § 2255, I grant it and order that his judgment be amended to reflect a sentence of 46 years, rather than life imprisonment.  But I acknowledge that the ultimate decision about where Smith will be incarcerated rests with the Bureau of Prisons (BOP).

---

[1] ECF No. 72 (Smith's pro se motion for a sentence reduction); ECF No. 76 (Smith's counseled motion for compassionate release).

**Discussion**

**I.     Smith's motion is construed as one to correct his sentence under 28 U.S.C. § 2255.**

The government suggests that "28 U.S.C. § 2255 is a better vehicle than the compassionate[-]release statute for achieving the result Smith desires—for several reasons, including that it does not appear [that] Smith has satisfied the statutory requirements for filing a compassionate[-]release motion in this [c]ourt."[2] Smith agrees and gave his "written consent to construe his request as a § 2255 motion."[3] Because the parties concur on this point, I construe Smith's motion as one to correct his sentence under 28 U.S.C. § 2255, and I need not and do not address Smith's proffered extraordinary and compelling reasons for compassionate release.

**II.     Because Smith's sentence may have been based on a misunderstanding, it is reduced from life imprisonment to 46 years.**

Under 28 U.S.C. § 2255, the sentencing court is authorized to "vacate, set aside[,] or correct" a sentence if (1) it "was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "is otherwise subject to collateral attack."[4] The parties agree that the latter category is implicated and note that "[o]ne such collateral attack may arise when a defendant's sentence was based on incorrect information."[5] Indeed, it appears that Smith's sentence was imposed based on incorrect information about the type of facility it would land him in.[6] Smith pled guilty in this case to a single count of being a felon in possession

---

[2] ECF No. 78 at 2 (government's response brief).
[3] ECF No. 79 at 1 (Smith's reply brief).
[4] 28 U.S.C. § 2255(a).
[5] ECF No. 78 at 6 (citing *United States v. Tucker*, 404 U.S. 443, 447 (1948)).
[6] *See* ECF No. 76 at 4–7.

of a firearm.[7] The charge carried a mandatory statutory minimum sentence of 15 years, and the guideline range was 188–235 months. But Smith was already facing three consecutive life-without-parole sentences in state court. And, in an effort to have that life sentence served primarily in a medium-security facility within the federal system and not state prison, he and the government agreed to a life sentence for this felon-in-possession charge, which was achieved through an upward variance.[8] Smith asserts that at the time of his sentencing, he was clear "about wanting placement in an FCI facility as opposed to USP" and "was informed that the BOP policy would allow him to serve a life sentence in FCI."[9] But he "was misinformed about the BOP's policy and has remained in a high[-]security facility despite repeated attempts to transfer out of" it.[10] While the government disagrees with some of Smith's assertions,[11] it has agreed to "waive any affirmative defenses based on timeliness or the plea agreement's collateral[-]attack waiver[] and will consent to the [c]ourt granting the request to correct Smith's federal sentence from life imprisonment to 46 years."[12]

As Smith correctly points out, reducing his federal sentence to 46 years won't impact the amount of time for which he will ultimately be incarcerated: "he understands that he will spend

---

[7] ECF No. 64 at 35–36 (hearing transcript).
[8] ECF No. 76 at 4–7.
[9] *Id.* at 4–5.
[10] *Id.* at 5.
[11] ECF No. 78 at 9–10. The government "disagree[s] with Smith's assertions (1) that the [c]ourt recommended that there was no need for USP placement '[a]s part of [his] plea agreement'; (2) that if this [c]ourt reduces his sentence to 46 years, he 'would be permitted to transfer to an FCI'; and (3) that reducing his sentence will 'ensure' that he serves the remainder of his time in a medium[-]security BOP facility." *Id*. at 9.
[12] *Id.* at 10. The government agrees to waive these affirmative defenses "*only* with respect to [Smith's] request that the [c]ourt correct his sentence to 46 years based on incorrect information at the time of sentencing." *Id.*

the rest of his life in custody."[13] Smith will remain in BOP custody until his 46-year sentence is up and will then be transferred into state custody to serve his three consecutive life-without-the-possibility-of-parole sentences.[14] Smith also concedes that such a reduction will not ensure his transfer to a medium-security facility[15] because, "during a federal defendant's term of imprisonment, BOP *alone* has the *exclusive* authority to determine where a federal inmate will be incarcerated."[16] But it appears the likelihood of the BOP transferring Smith to an FCI increases if his sentence is reduced to 46 years because less than 30 years would remain on his federal sentence.[17] So, because I find that there was a misunderstanding at the time of sentencing and Smith's total time in custody will remain unchanged, I grant his request under § 2255 to reduce his sentence to 46 years.

---

[13] ECF No. 76 at 7.

[14] *Id.*

[15] ECF No. 79 at 1–2 ("Smith understands that should this [c]ourt reduce his sentence to 46 years, there is no guarantee that he will be transferred to an FCI.").

[16] ECF No. 78 at 9 (citing 18 U.S.C. § 3621(b)).

[17] ECF No. 76 at 4–7; ECF No. 78 at 4, 9–10; ECF No. 79 at 1–2 ("[B]ased on his communications with the BOP case managers over the past several years and a review of the BOP security classification policies, [Smith] believes a sentencing reduction to 46 years would facilitate his transfer while still allowing him to serve the remainder of his time in federal custody.").

**Conclusion**

IT IS THEREFORE ORDERED that Smith's **motion for compassionate release [ECF No. 76] is construed as a motion to correct his sentence under 28 U.S.C. § 2255 and is GRANTED**. I direct the Clerk of Court to amend Smith's judgment [ECF No. 51] to:

- Change his sentence to 46 years, instead of life imprisonment, and
- Recommend to the Bureau of Prisons that Smith be designated to one of the following FCI facilities: (1) Butner, North Carolina; (2) Talladega, Alabama; or (3) Marianna, Florida.

All other aspects of Smith's judgment should remain the same.

IT IS FURTHER ORDERED that Smith's pro se **motion for a sentence reduction [ECF No. 72] is DENIED** as moot.

_____
U.S. District Judge Jennifer A. Dorsey
July 8, 2022